UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| ROBIN L. CRAWFORD, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 1:07-cv-51 |
| v. | ) ) | Judge Mattice |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Robin L. Crawford brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of Defendant, the Commissioner of Social Security, denying him disability insurance benefits and Supplemental Security Income benefits.

Before the Court are Plaintiff's Motion for Judgment on the Pleadings [Court Doc. 18] and the Commissioner's Motion for Summary Judgment [Court Doc. 22]. By standing order of the Court, this matter was referred to United States Magistrate Judge William B. Carter for a Report and Recommendation ("R&R") on the above motions pursuant to 28 U.S.C. § 636(b)(1). (Court Doc. 58.) Magistrate Judge Carter entered his R&R on January 28, 2008 recommending that Plaintiff's Motion for Judgment on the Pleadings be granted in part and denied in part, that Defendant's Motion for Summary Judgment be granted in part and denied in part, that the Commissioner's decision denying Supplemental Security Income benefits be reversed and that the case be remanded to the Administrative Law Judge for further proceedings. (Court Doc. No. 26.) Defendant has filed a timely objection to the R&R. (Court Doc. 27.)

For the reasons stated below, the Court **OVERRULES** Defendant's objection and **ACCEPTS and ADOPTS** Magistrate Judge Carter's Report and Recommendation.

I. **STANDARD OF REVIEW**

The Court must conduct a *de novo* review of those portions of the R&R to which an objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). For those portions of the R&R to which objections have been filed, the Court will directly review the decision-making process underlying the Commissioner's denial of benefits. *Id.*

The Court must determine whether substantial evidence supports the Commissioner's denial of benefits. Substantial evidence is defined as "more than a mere scintilla" of evidence and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

II. **FACTS**

Magistrate Judge Carter's R&R fully sets forth the relevant facts in this case. There have been no objections to the facts as reported in the R&R. Accordingly, the Court **ADOPTS BY REFERENCE** the fact section of the R&R. (Court Doc. 26 at 5-11.)

III. **ANALYSIS**

Neither party has objected to the portion of Magistrate Judge Carter's R&R that affirms the Commissioner's denial of Plaintiff's disability insurance benefits. (Court Doc. 26 at 11-15.) Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Carter's recommendation that the Commissioner's denial of disability insurance benefits be affirmed pursuant to § 636(b)(1) and Rule 72(b). Plaintiff's Motion for Judgment on the Pleadings

[Court Doc. 18] is **DENIED** and Defendant's Motion for Summary Judgment [Court Doc. 22] is **GRANTED** with respect to Plaintiff's disability insurance benefits.

Magistrate Judge Carter recommended that the Commissioner's denial of Supplemental Security Income (SSI) benefits be reversed and the case be remanded to the Administrative Law Judge (ALJ) for further proceedings. (Court Doc. 26 at 20.) Magistrate Judge Carter specifically stated that, upon remand, the Commissioner should be directed to obtain additional medical evidence because consulting physician reports of Dr. Pinga and Dr. Moore upon which the ALJ previously relied were "clearly inconsistent with other evidence of record." (*Id.* at 17.)

Defendant objects to Magistrate Judge Carter's recommendation that the Commissioner's denial of SSI benefits be reversed and that this issue be remanded for further proceedings. (Court Doc. 27 at 2.) Defendant argues that, even accepting Magistrate Judge Carter's finding that the opinions of Dr. Pinga and Dr. Moore were not based on substantial evidence, the ALJ's decision to deny SSI benefits was based on substantial evidence in the record. (*Id.*)

### A. Reliability of the Opinions of Dr. Pinga and Dr. Moore

There is evidence from three doctors in the record: (1) Dr. Hodges, Plaintiff's treating physician who performed his back surgeries and opined that Plaintiff's back issues would severely limit his ability to work (rec. at 283-86); (2) Dr. Pinga, an examining consulting physician to whom Plaintiff was referred by the Defendant and opined that Plaintiff would not be substantially limited in his ability to work (*id.* at 190.); and (3) Dr. Moore, a non-examining consulting physician who opined that Plaintiff would be somewhat

limited in his ability to work. (*Id.* at 196-203.) The ALJ discredited the opinion of Dr. Hodges and stated that he would not give it "controlling or significant weight." (*Id.* at 17.) The ALJ found the opinion of Dr. Moore "well supported" and assigned it "considerable weight." (*Id.* at 19.) Although the ALJ reviewed the findings of Dr. Pinga, he did not specify how much weight he afforded to Dr. Pinga's opinion. (*Id.* at 17-18.)

The ALJ set forth a number of reasons for rejecting the opinion of Dr. Hodges: (1) that his opinion was not consistent with his treatment records; (2) that his opinion was not consistent with objective tests; and (3) that his opinion was inconsistent with the opinions of the consultative examining doctors, Drs. Pinga and Moore. (Record, Court Doc. 11, p. 16.) He did not specify what weight he gave to each of these reasons or further elaborate on how each of these affected his decision to discredit Dr. Hodges.

Magistrate Judge Carter found that the opinions of Dr. Pinga and Dr. Moore were not based on substantial evidence in the record. (Court Doc. 26 at 19.) Magistrate Judge Carter found that Dr. Pinga did not correctly identify the location of Plaintiff's back surgeries and did not mention Plaintiff's x-rays showing an incomplete fusion. (*Id.* at 16-17.) He also found that Dr. Moore's opinion incorrectly cites the location of Plaintiff's back surgery and neglects to mention the incomplete fusion. (*Id.* at 18.) Magistrate Judge Carter concluded:

> I cannot recommend accepting the opinion from a non-examining state agency physician who based his opinion on the opinion of a consulting physician who did not correctly identify the level of Plaintiff's surgery and did not discuss any review of the x-rays taken in his office, and failed to note that the Plaintiff has an incomplete fusion or discuss the effect of the lack of fusion. I do not find the decision [of the ALJ], based on those opinions, to be based on substantial evidence.

(*Id.* at 19.)

Defendant does not directly dispute Magistrate Judge Carter's findings regarding the lack of evidence supporting the opinions of Dr. Pinga and Dr. Moore. The Court has conducted a *de novo* review of the record and agrees with Magistrate Judge Carter's conclusion that the opinions of Dr. Pinga and Dr. Moore are not based on substantial evidence in the record. Dr. Pinga flatly missed the location of Plaintiff's surgery in his report. (Rec. at 190.) The "History of Present Illness" section of Dr. Pinga's report appears to be based solely on Plaintiff's own description of his prior back issues and procedures. (*Id.* at 188.) There is no indication from Dr. Pinga's report that he reviewed any of Plaintiff's medical records and no mention of any objective tests, including the x-ray ordered by Dr. Pinga showing the incomplete fusion in Plaintiff's spine. (*Id.* at 191.)

Dr. Moore's report is a form which contains even less information than that submitted by Dr. Pinga. (Rec. at 196-203.) The only medical history in Dr. Moore's report misdiagnoses the location of Plaintiff's surgery. (*Id.* at 198.) Dr. Moore makes no mention of having reviewed Plaintiff's medical history or Plaintiff's x-rays showing the incomplete fusion. (*Id.*)

For the reasons discussed above, the Court finds that the opinions of Dr. Pinga and Dr. Moore are unreliable. The Court finds that the ALJ's decision to give great weight to the opinion of Dr. Moore is erroneous as Dr. Moore's opinion did not consider the full record and was therefore not based on substantial evidence.

**B.      Other Evidence in the Record**

Defendant argues that, regardless of the reliability of opinions of Dr. Pinga and Dr. Moore, the Court should affirm the Commissioner's decision. (Court Doc. 27 at 2-4.)

Defendant argues that substantial evidence supports the Commissioner's denial of benefits and points to Dr. Hodges's treatment notes, Plaintiff's objective test findings, and Plaintiff's testimony regarding his daily activities. (*Id.* at 3.)

The objective test results do not overwhelmingly support the ALJ's denial of benefits. Although the x-ray and MRI conducted by Dr. Hodges did not show significant impairment, the x-ray ordered by Dr. Pinga and the lumbar myelogram ordered by Dr. Hodges showed an incomplete fusion. (Rec. at 191, 279.) As noted above, neither Dr. Pinga nor Dr. Moore recognizes the incomplete fusion in his report. As such, the Court has no way of knowing if either doctor considered the incomplete fusion and found that it wouldn't significantly impair the Plaintiff or if they simply missed it altogether. The Court finds it significant that the only doctor who obviously reviewed Plaintiff's objective test results, including those showing the incomplete fusion, found that Plaintiff's back issues would severely limit his ability to work.

Nor do Dr. Hodges treatment notes constitute substantial evidence supporting the Commissioner's denial of benefits. The treatment notes on which the ALJ relied in his decision were from the period immediately after Plaintiff's surgery - well before Dr. Hodges was aware of the incomplete fusion. (Rec. at 16-17.) The only report from Dr. Hodges after the myelogram revealed the incomplete fusion is the report stating that Plaintiff would be severely limited in his ability to work. (*Id.* at 283.) Considering the objective test results together with Dr. Hodges's treatment notes, the Court cannot say that they provide substantial evidence supporting the ALJ's denial of benefits.

Plaintiff's testimony regarding his daily activities does provide some support for the ALJ's denial of benefits. Plaintiff's own testimony at the hearing, coupled with his

statements to various treating physicians over the years, show that he has worked off and on since his surgery and has been able to do many everyday activities that it would be difficult for someone to accomplish who was experiencing severe back pain.  However, the Court does not believe that Dr. Hodges's treatment notes, the objective test results, and Plaintiff's statements, taken as a whole and in the face of the conflicting and erroneous medical evidence, constitute substantial evidence for the ALJ's denial of benefits.

Moreover, it is not the role of the reviewing court "to resolve conflicting evidence in the record or to examine the credibility of the appellant's testimony." *Wright v. Massanari*, 321 F..3d 611, 614 (6th Cir. 2003).  It is impossible for the Court to know whether the ALJ would have given so little weight to Dr. Hodges's opinion if he had not so heavily credited the opinions of Dr. Pinga and Dr. Moore.  The Court does not find that the ALJ is required to credit the opinion of Dr. Hodges.  However, with the Court having discredited the opinions of Dr. Pinga and Dr. Moore and the ALJ having discredited the opinion of Dr. Hodges, there is no reliable physician opinion remaining in the record.  Given the dearth of reliable medical evidence, the Court agrees with Magistrate Judge Carter's conclusion that the appropriate remedy is to remand to the ALJ for further proceedings.

"[W]hen an ALJ's factual findings are not supported by substantial evidence, 'the appropriate remedy is not to award benefits.  The case can be remanded under sentence four of 42 U.S.C.§ 405(g) for further consideration." *Newkirk v. Shalala*, 25 F.3d 316, 3198 (6th Cir. 1994).  Where there are errors in the record, remand is particularly favored as the remedy. *See McClain v. Commissioner of Social Security*, 113 Fed. App'x 724, 727 (6th Cir. 2004).  As noted above, the Court finds that the ALJ's reliance on the inaccurate and unreliable opinions of Dr. Pinga and Dr. Moore was erroneous.  The Court agrees with

Magistrate Judge Carter's recommendation that the case be remanded with directions for the Commissioner "to obtain an additional consultative examination and a further review by a state agency physician to specifically address the question of whether the incomplete fusion does or does not support the assessment of Dr. Hodges." (Court Doc. 26 at 20.)

Accordingly, Magistrate Judge Carter's recommendation that the case be remanded under sentence four of 42 U.S.C. § 405(g) for further proceedings is **ACCEPTED and ADOPTED**. Defendant's objection to the R&R is **OVERRULED**. Plaintiff's Motion for Judgment on the Pleadings is **GRANTED** and Defendant's Motion for Summary Judgment is **DENIED** with respect to Plaintiff's SSI benefits claim.

## IV. CONCLUSION

Based on the above, the Court **ORDERS** the following:

- Magistrate Judge Carter's Report and Recommendation [Court Doc. 26] is **ACCEPTED AND ADOPTED** in its entirety;

- Defendant's Objection [Court Doc. 27] to Magistrate Judge Carter's Report and Recommendation is **OVERRULED**;

- Plaintiff's Motion for Judgment on the Pleadings [Court Doc. 18] is **GRANTED IN PART** and **DENIED IN PART**;

- Defendant's Motion for Summary Judgment [Court Doc. 22] is **GRANTED IN PART** and **DENIED IN PART**.

- Defendant's decision denying Supplemental Security Income benefits is **REVERSED**;

- The case is **REMANDED** to the Administrative Law Judge under sentence four of

42 U.S.C. 405(g) for further proceedings consistent with this Memorandum and Order as well as Magistrate Judge Carter's Report and Recommendation.

- The Clerk shall close the case.

SO ORDERED this 4th day of March, 2008.

                                                        */s/Harry S. Mattice, Jr.*
                                                        HARRY S. MATTICE, JR.
                                                        UNITED STATES DISTRICT JUDGE