UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ROBIN L. CRAWFORD )
    Plaintiff )
  )
v. ) 1:07-cv-51
  ) (MATTICE/CARTER)
MICHAEL J. ASTRUE, )
  Commissioner of Social Security )
    Defendant )

# REPORT AND RECOMMENDATION

## I. Introduction

Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) (Doc. 32), is before the undersigned having been referred by the District Court for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b).

## II. Discussion

In order to recover attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d)(1)(A-D), four conditions must be met:

(1)     The plaintiff must be a prevailing party;

(2)     The application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action;

(3)     No special circumstances warranting denial of fees may exist; and

(4)     The government's position must be without substantial justification.

28 U.S.C. §2412(d)(1)(A-D); *see also*, *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

In the instant case, the Commissioner has stated for the record he does not oppose the award of attorney's fees under the EAJA, thereby conceding the decision below was not substantially justified. Having reviewed the record and the plaintiff's itemized billing, the undersigned finds plaintiff has met all requirements to receive EAJA fees.

### III. Conclusion

Accordingly, it is **RECOMMENDED** plaintiff's motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. §2412(d), be **GRANTED**.[1] It is further **RECOMMENDED** that plaintiff be awarded attorney's fees in the amount of $3,880.10.

Dated: June 24, 2008    s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

.

---

[1]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).